**BOECKLE v. MASSE et ux. (No. 7972.)**

Court of Civil Appeals of Texas. San Antonio. March 21, 1928.

Rehearing Denied April 25, 1928.

**1. Pleading** ⬅═245(3)—**Clerical error in amended petition, dating slanderous remarks three days after filing original petition, held properly cured by amendment.**

Clerical error in amended petition, reciting date of alleged slanderous remarks for which damages were sought to have been made three days after filing original petition, *held* properly permitted to be cured by trial amendment.

**2. Libel and slander** ⬅═84—**Petition alleging defendant on various dates during certain year uttered slanderous statements to various persons held too general as to time and place of slander and persons to whom words were uttered.**

Petition for damages resulting from slanderous reports against chastity of plaintiff, alleging that defendant on various dates during

certain year stated to various persons that plaintiff was woman of ill repute and kept house of ill fame, failed to place defendant on notice as to time and place when slanderous words were uttered, nor to whom they were spoken, and exception thereto as being too general should have been sustained.

**3. Libel and slander ⊜84—Petition for slander, alleging defendant, in conversation with plaintiff's friend, spoke slanderous words, held uncertain. for failure to name friend.**

Petition to recover damages for slanderous reports against chastity of plaintiff, alleging that on certain date defendant, "in conversation with a certain friend and acquaintance of plaintiffs," made certain statements, *held* uncertain as failing to name person to whom slanderous words were spoken.

**4. Libel and slander ⊜85—Pleadings in civil action for slander in imputing want of chastity to female should be clear and explicit (Pen. Code 1925, art. 1293).**

Under Pen. Code 1925, art. 1293, making slanderous imputation of want of chastity to female an offense, in order to fix offense on defendant in civil case in which damages are sought, pleading should be clear and explicit.

**5. Libel and slander ⊜85—Language in libel case should be set forth in hæc verba, but need not be so set forth in case of slander.**

In cases of libel, language used being in writing should be set forth in hæc verba, but rule cannot be made to apply to case of slander where words spoken are only lodged in memories of witnesses.

**6. Libel and slander ⊜85—Petition alleging defendant stated plaintiff was woman of ill repute, immoral, and kept house of prostitution, held sufficient to impute want of chastity without stating exact language used.**

In civil action for slander, imputing want of chastity to plaintiff, case does not depend on allegation and proof of exact language, and petition alleging that defendant stated plaintiff was woman of ill repute and immoral and kept house of prostitution with intent to impute want of chastity to plaintiff *held* sufficiently clear as to imputation of want of chastity.

**7. Libel and slander ⊜103—Testimony as to criminal case for slander imputing want of chastity held erroneously admitted in civil action arising out of same facts.**

In civil action for damages based on slanderous reports against chastity of plaintiff, testimony as to criminal case for slander having been instituted and still pending arising out of same facts should not have been permitted to have been introduced before jury.

Appeal from District Court, San Patricio County; T. M. Cox, Judge.

Suit by John Masse and wife against H. K. Boeckle. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Sidney P. Chandler, of Corpus Christi, and L. B. Camp, of San Antonio, for appellant.

J. C. Russell, of Sinton, and E. B. Ward and S. E. Dyer, both of Corpus Christi, for appellees.

FLY, C. J. This is a suit for damages, instituted by appellees, alleged to have resulted from slanderous reports against the chastity of Mrs. Masse by appellant: The cause was tried by jury resulting in a verdict and judgment for appellees in the sum of $500.

[1] The allegations were that appellant had circulated a report that Mrs. Masse was an unchaste woman, and had kept a house of ill fame in St. Louis before she came to Texas, and was keeping such a house in Ingleside, San Patricio county, where all the parties resided. The jury, in answer to special issues, found that appellant had imputed to Mrs. Masse, during the year 1924, a want of chastity, that on or about August 11, 1924, appellant made the statement to L. D. Crumly, imputing to Mrs. Masse a want of chastity. The jury awarded $500 actual damages and denied exemplary damages. In the amended petition it was stated that the only slanderous remarks, which it was alleged, were made to any one individual were made on or about September 11, 1924, a date which was three days after the original petition was filed. It was clearly a clerical error, and the court properly permitted the error to be cured by a trial amendment. Limitation of one year does not arise in the case.

The only allegations as to slanderous remarks made and reports circulated by appellant were as follows:

"H. K. Boeckle, on various dates, during the year 1924, stated to various persons that the plaintiff Josephine Masse, who is the wife of the said John Masse, was a woman of ill repute, and that she was immoral, and kept prostitutes in her home for immoral purposes, and made various and sundry charges and statements to that effect, intended to and calculated to be applied to the said Josephine Masse, and in each instance, whether he mentioned her name or not, by innuendo and insinuation, by his similar statements and the statements as alleged, which were calculated to and did leave the impression that the said Josephine Masse was a woman of bad moral character and of ill repute; that in any event, on or about the 11th day of September, A. D. 1924, in San Patricio county, Tex., the said defendant, in conversation with a friend and acquaintance of the plaintiffs herein, made statements calculated to lead such person to believe that the said Josephine Masse was a woman of ill repute and of bad character, and he further stated that the Masses, and especially Josephine Masse, was not fit for decent people to associate with, and referred to the said Josephine Masse as the "old lady" Masse, or "old woman" Masse, meaning thereby that the plaintiff herein, Josephine Masse, was an immoral woman and that she kept prostitutes in her home, and was not fit for decent people to associate with, and words

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to that effect, and of the same import, calculated to, and intended to, impute to the plaintiff Josephine Masse a want of chastity."

[2] The first part of the paragraph was attacked through a special exception on the ground that it was too general and did not place appellant upon notice as to the time and place when the slanderous words were uttered, nor to whom they were spoken. The exception was well taken, and should have been sustained, and the court erred in overruling it. Vacicek v. Trojack (Tex. Civ. App.) 226 S. W. 505.

[3, 4] Appellant also assailed the latter part of the paragraph of the petition herein copied because it did not name the person to whom the slanderous words were spoken, and in the case cited, in reversing the judgment, the court said:

"Upon another trial, if appellee desires to prove that such words were spoken to persons other than himself and Mrs. Peterson by defendants, he should amend his petition, naming such persons."

In this case a certain date is given on which the slanderous words were alleged to have been spoken "in conversation with a certain friend and acquaintance of the plaintiffs herein." The uncertainty of the allegation is apparent, and leaves the defendant at sea as to meeting the allegation. He might by inquiry locate a "friend and acquaintance" of appellees, and make preparation to show that he made no accusation to such "friend and acquaintance," and on the trial be confronted by another and different "friend and acquaintance" of appellees. Appellant should have been given the name of the person to whom it was alleged that he made such slanderous statement. Slander is the false and wanton imputation of a want of chastity to any female in this state, married or unmarried, and it is made an offense against the law, and punishable by a fine of not less than $100 nor more than $1,000, and in addition imprisonment in jail not exceeding one year may be given. Article 1293, Crim. Stats. (Pen. Code 1925). In order to fix such a grave offense on a defendant in a civil case in which damages are sought, the pleadings should be clear and explicit.

[5, 6] In cases of libel, the language used, being in writing, can and should be set forth in hæc verba, but the same rule cannot be made to apply to a case of slander where the slanderous words spoken are only lodged in the treacherous memories of witnesses. The imputation of a want of chastity is the basis of the action, and it cannot be made to depend upon allegation and proof of the exact language. The petition was full and clear enough as to the imputation of a want of chastity, but it was easy and practicable to allege the names of persons to whom the slan-

derous words were spoken, and it should have been done.

[7] Testimony as to a criminal case for slander having been instituted and still being pending should not have been permitted to have been introduced before the jury. The case should have been tried upon the evidence as to the slander, and an indictment and trial for a criminal case arising out of the same facts should not have been permitted in the civil case.

For the errors discussed herein, the judgment is reversed, and the cause remanded.